UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIT BHARTH,<br><br>  Petitioner,<br><br>  v.<br><br>UNKNOWN,<br><br>  Respondent. | Case No. 2:22-cv-00146-JDP (HC)<br><br>ORDER |

Mr. Amit Bharth is a state prisoner proceeding without counsel. This case was opened when he filed a motion seeking additional time to file a petition for a writ of habeas corpus. ECF No. 1. Mr. Bharth has not properly commenced a civil action.

To commence a civil action, a party is required to file a complaint or a petition. Fed. R. Civ. P. 3; Rule 3, Rules Governing § 2254 Cases; *Woodford v. Garceau*, 538 U.S. 202, 203 (2003). Challenges to the validity of confinement or the duration of confinement are properly brought in a habeas action. If Mr. Bharth intends to commence a federal habeas action, he must file a signed petition stating his grounds for relief. All petitions for writs of habeas corpus must be filed on the proper form, which the court will provide to Mr. Bharth. E.D. Cal. L.R. Cal. 190(b); *see also* Rule 2(c)-(d), Fed. R. Governing § 2254 Cases. In addition, Mr. Bharth must either pay the $5 filing fee or submit a complete application for leave to proceed *in forma pauperis*. Until he files a signed petition and either pays the filing fee or files a completed

application to proceed *in forma pauperis*, there is no case before the court.[1]

Accordingly, it is hereby ORDERED that:

1. The Clerk of the Court shall send Mr. Bharth the court's form petition for a writ of habeas corpus and an application to proceed *in forma pauperis*.

2. Mr. Bharth shall submit, within thirty days of the date of this order, a signed petition for writ of habeas corpus that states the grounds for relief.

3. Within thirty days of the date of this order, Mr. Bharth shall either submit the $5 filing fee or a completed application to proceed *in forma pauperis*.

4. Failure to comply with this order may result in this case being closed.

IT IS SO ORDERED.

Dated:    January 26, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

.

---

[1] Petitioner is warned that his motion for an extension of time does not serve as a "protective petition" for purposes of the Anti-Terrorism and Effective Death Penalty Act of 1996's one-year statute of limitation. *See Delarm v. McDonald*, No. Civ-S-11-0750-CKD P, 2011 WL 6012346, *2 n.6 (E.D. Cal. Dec. 1, 2011) ("Filing a request for an extension of time to file a § 2254 habeas petition before the petition has actually been filed is not proper as there is no § 2254 action until the petition has been filed . . . .").

2